**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02240-REB-KMT

MANUEL LABBE JR.,

       Plaintiff,

v.

DILLON COMPANIES, INC. d/b/a King Soopers,

       Defendant.

**DEFENDANT'S COMPETING JURY INSTRUCTIONS
AND COMPETING VERDICT FORM**

Defendant Dillon Companies, Inc. d/b/a King Soopers, submits the following Competing Jury Instructions and Competing Verdict form:

**Comp-D-01**

**INSTRUCTION NO. \_\_\_\_\_**

**HOSTILE WORK ENVIRONMENT BASED ON SEX – ELEMENTS**

Mr. Labbe has alleged that he was subjected to a hostile work environment based on sex in violation of Title VII. In order to prove his claim of hostile work environment based on sex, Mr. Labbe must prove each of the following:

1. The conduct complained of was unwelcome;

2. The conduct complained of was offensive;

3. The conduct complained of was sexual in nature and directed at Mr. Labbe because of his sex; and

4. The conduct complained of was sufficiently severe or pervasive to alter the terms and conditions of Mr. Labbe's employment by creating an abusive working environment.

**Authority**: Faculty of Federal Advocates, Ad Hoc Committee, Model Employment Law Jury Instructions, September 2013; 29 C.F.R. § 1604.11; *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988); *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998).

**Comp-D-02**

**INSTRUCTION NO. \_\_\_\_\_**

**BECAUSE OF – DEFINED**

To prove his claim of hostile work environment based on sex, Mr. Labbe must prove by a preponderance of the evidence that unwelcome, severe or pervasive, abusive conduct was directed at him because of his sex. Workplace conduct is not automatically sex harassment merely because the words used have sexual content or connotation. The critical issue is whether the complained of conduct was either (i) motivated by sexual desire or (ii) members of one sex are exposed to disadvantageous terms or conditions of employment to which members of another sex are not exposed.

**Authority:** *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998); *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186-87 (10th Cir. 2007); *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1263 (10th Cir. 2005).

**Comp-D-03**

**INSTRUCTION NO. \_\_\_\_\_**

**UNWELCOME CONDUCT – DEFINED**

"Unwelcome conduct" means conduct that Mr. Labbe did not solicit or encourage and that he regarded as undesirable. Conduct is not unwelcome if Mr. Labbe participated in the conduct.

**Authority**: Faculty of Federal Advocates, Ad Hoc Committee, Model Employment Law Jury Instructions, September 2013; *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986); *see also, e.g., Scusa v. Nestle U.S.A. Co. Inc.*, 181 F.3d 958, 966 (8th Cir. 1999) (finding employee failed to demonstrate conduct at issue was "unwelcome" because "plaintiff engaged in behavior similar to that which she claimed was unwelcome and offensive").

49116765.1

5

**Comp-D-04**

**INSTRUCTION NO. _____**

**RETALIATION – STATUTE INVOLVED**

Mr. Labbe claims that King Soopers retaliated against him by terminating his employment. The anti-retaliation protections in Title VII provide that it is unlawful for an employer to retaliate against an individual because he in good faith opposed what he believed were discriminatory employment practices.

**Authority:** Faculty of Federal Advocates, Ad Hoc Committee, Model Employment Law Jury Instructions, September 2013; 42 U.S.C. § 2000e-3(a).

**Comp-D-05**

**INSTRUCTION NO. \_\_\_\_\_**

**PRETEXT**

Mr. Labbe claims that King Soopers' stated reason for terminating his employment is not the true reason, but instead it is a pretext (an excuse) to cover up for retaliation. If you do not believe the reason King Soopers offered for terminating Mr. Labbe's employment, then you may, but are not required to, infer that retaliation was the factor that made the difference in King Soopers' decision. Mr. Labbe need not disprove every reason stated by King Soopers in order to prove pretext.

Mr. Labbe may show that King Soopers' stated reason for its decision is pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that King Soopers' stated reason is pretext are:

- Evidence that King Soopers' stated reason for the decision is false, contradictory, or implausible;
- Evidence that King Soopers acted contrary to a written or unwritten company policy or an established company practice when it terminated Mr. Labbe's employment;
- Evidence that King Soopers did not uniformly enforce its own rules;
- Evidence that King Soopers made the decision to terminate Mr. Labbe on factors other than those in front of the decision-makers;
- Evidence that King Soopers otherwise exhibited disturbing procedural irregularities in dealing with Mr. Labbe;

6

49116765.1

- Evidence that Mr. Labbe's termination of employment was closely related in time to Mr. Labbe's workplace complaints.

If you find pretext, you may, but are not required to infer that retaliation was the factor that made the difference in King Soopers' decision to terminate Ms. Labbe's employment.

In evaluating the reasons for King Soopers' decision to terminate Mr. Labbe's employment, you must focus on the reasons of the person or persons who made that decision. If you find that the decision-maker or decision-makers honestly believed that Mr. Labbe violated King Soopers' policies, and that the decision-maker or decision-makers acted in good faith on those beliefs, then your verdict must be for King Soopers on Mr. Labbe's retaliation claim.

**Authority:** Faculty of Federal Advocates, Ad Hoc Committee, Model Employment Law Jury Instructions, September 2013; *Townsend v. Lumberman's Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002); *Watts v. City of Norman*, 270 F.3d 1288, 1295 (10th Cir. 2001); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000); *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1001-02 (10th Cir. 2011).

**Comp-D-06**

**INSTRUCTION NO. \_\_\_\_\_**

**BUSINESS JUDGMENT RIGHTS**

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment as long as it is not unlawful. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether King Soopers' stated reason for terminating Mr. Labbe's employment was pretext for retaliation, you may not question King Soopers' business judgment as long as it is not unlawful. Pretext is not established just because you disagree with the business judgment of King Soopers, unless you find that King Soopers' reason for its actions was pretext for unlawful retaliation.

**Authority:** *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1261 (10th Circ. 2001) (juries may not second-guess the business judgment of the employer or question whether the decision was wise, fair or even correct); *Sanchez v. Philip Morris, Inc.*, 992 F.2d 244, 247 (10th Cir. 1993) (Title VII is not violated by the exercise of erroneous or even illogical business judgment.).

8

**Comp-D-07**

**INSTRUCTION NO. \_\_\_\_\_**

**PUNITIVE DAMAGES**

Mr. Labbe claims that King Soopers acted with malice or reckless indifference to his federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages. The terms "malice" or "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law.

An award of punitive damages would be appropriate in the case only if you find for Mr. Labbe and then further find based on a preponderance of the evidence that a higher management official of King Soopers personally acted with malice or reckless indifference to Mr. Labbe's federally protected rights.

King Soopers, however, may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to King Soopers' good faith efforts to comply with the law by implementing policies and procedures designed to prevent such unlawful discrimination in the workplace. Thus, you may not award punitive damages if King Soopers proves it acted in good faith by adopting antidiscrimination policies, and making a good faith effort to educate its employees about these policies and enforce these policies.

**Authority:** If the Court determines there is sufficient evidence to support a punitive damages instruction, Defendant tenders this proposed Instruction based on 42 U.S.C. §1981a(a)(3); O'Malley, et al., Federal Jury Practice and Instructions, § 172.74 (5th ed. 2001); *Kolstad v. Am. Dental Ass'n*, 527, U.S. 526(1999); *McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1138 (10th Cir. 2006); *Deters v. Equifax Credit Info. Servs., Inc.*,

9

202 F.3d 1262, 1270-71 (10th Cir. 2000); *Harsco Corp. v. Renner*, 475 F.3d 1179, 1189-90 (10th Cir. 2007) (director of human resources not sufficiently high up in the corporate hierarchy his awareness could be directly imputed to the corporation).

**Comp-D-08**

**INSTRUCTION NO. _____**

**STATEMENT OF DEFENSES**

King Soopers denies that Mr. Labbe was subjected to sex harassment. King Soopers asserts that the complained of conduct was not based on sex, nor was it sufficiently severe or pervasive such that it constituted a hostile work environment. King Soopers claims that it had effective policies and procedures in place for employees to make complaints about unwanted workplace conduct, including harassment, and Mr. Labbe unreasonably failed to use these procedures. King Soopers denies that it retaliated against Mr. Labbe for his workplace complaint when it terminated Mr. Labbe's employment. Rather, King Soopers asserts that it terminated Mr. Labbe's employment because he threatened workplace violence. According to King Soopers, there is no causal connection between Mr. Labbe's complaints about unwanted workplace behavior and his discharge.

**Authority:** REB Civ. Practice Standard V.C.4.a (parties are to file a stipulated statement of claims and defenses to be given to the jury).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02240-REB-KMT

MANUEL LABBE JR.,
    Plaintiff,
v.
DILLON COMPANIES, INC. d/b/a King Soopers,
    Defendant.

**DEFENDANT'S COMPETING JURY VERDICT FORM**

Please read this form carefully and complete it once you have decided on your verdict. Before any answer can be made to any of the questions listed below, all members of the jury must agree as to the answer.

## ***PART ONE: HOSTILE WORK ENVIRONMENT BASED ON SEX***

1.     Did Mr. Labbe prove by a preponderance of the evidence that the complained of conduct was unwelcome?

>     YES \_\_\_\_\_     NO \_\_\_\_\_
>
>     *If "YES," proceed to Question 2.*
>
>     *If "NO," proceed to PART TWO.*

2.     Did Mr. Labbe prove by a preponderance of the evidence that the complained of conduct was offensive?

>     YES \_\_\_\_\_     NO \_\_\_\_\_
>
>     *If "YES," proceed to Question 3.*
>
>     *If "NO," proceed to PART TWO.*

3.     Did Mr. Labbe prove by a preponderance of the evidence that the complained of conduct was directed at Mr. Labbe because of his sex?

>     YES \_\_\_\_\_     NO \_\_\_\_\_
>
>     *If "YES," proceed to Question 4.*
>
>     *If "NO," proceed to PART TWO.*

13

4. Did Mr. Labbe prove by a preponderance of the evidence that the complained of conduct was sufficiently severe or pervasive to alter the terms and conditions of Mr. Labbe's employment?

>YES _____ NO _____
>
>*If "YES," proceed to Question 5.*
>
>*If "NO," proceed to PART TWO.*

5. Did King Soopers prove by a preponderance of the evidence that it maintained an effective complaint procedure that provided employees with reasonable options for reporting unwanted workplace behavior?

>YES _____ NO _____
>
>*If "YES," proceed to Question 6.*
>
>*If "NO," proceed to PART TWO.*

6. Did King Soopers prove by a preponderance of the evidence that Mr. Labbe unreasonably failed to use the complaint procedure or otherwise avoid harm?

>YES _____ NO _____
>
>*Proceed to PART TWO.*

## *PART TWO: RETALIATION*

7. Did Mr. Labbe prove by a preponderance of the evidence that he complained about sex harassment?

      YES \_\_\_\_\_   NO \_\_\_\_\_

      *If "YES," then proceed to Question 8.*

      *If "NO," proceed to PART THREE.*

8. Did Mr. Labbe prove by a preponderance of the evidence that King Soopers would not have terminated his employment but for Mr. Labbe's complaint about sex harassment?

      YES \_\_\_\_\_   NO \_\_\_\_\_

      *Proceed to PART THREE.*

49116765.1

## ***PART THREE:  DAMAGES***

In determining damages, you must be careful not to award duplicative damages. If you find that King Soopers is liable to Mr. Labbe, do not include any amount of back pay or front pay in your calculation.  The Court will determine the amount of back pay and front pay owed to Mr. Labbe, if applicable.

### A. Damages for PART ONE

If your answer to *both* Question 5 and Question 6 is "YES," do not calculate any damages for PART ONE.

If your answer to *either* Question 5 or Question 6 is "NO," you may award compensatory damages to Mr. Labbe.

Proceed to Subpart B.

### B. Damages for PART TWO

If your answer to *either* Question 7 or Question 8 is "NO," do not calculate any damages for PART TWO.

If your answer to *both* Question 7 and 8 is "YES," you may award compensatory damages to Mr. Labbe.

Proceed to Subpart C.

**C.** If you were instructed in Subpart A or Subpart B that you may award Mr. Labbe compensatory damages, should Mr. Labbe be awarded damages to compensate for emotional distress and mental anguish caused by King Soopers?

      YES \_\_\_\_\_    NO \_\_\_\_\_

If your answer is "YES," in what amount?  $ _____

**YOU MAY NOW CONCLUDE YOUR DELIBERATIONS. PLEASE NOTIFY THE COURT THAT YOU HAVE CONCLUDED AND THANK YOU FOR YOUR TIME.**

**Dated: _____**

_____

**Signature of Foreperson**

Dated this 26th day of October, 2018.

Respectfully submitted,

*s/ Heather Fox Vickles*
Heather Fox Vickles
Joseph H. Hunt
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 299-8194 (H.Vickles)
Telephone:  (303) 299-8302 (J.Hunt)
Facsimile: (303) 298-0940
hvickles@shermanhoward.com
jhunt@shermanhoward.com

Raymond M. Deeny
SHERMAN & HOWARD L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO  80903
Telephone: (719) 475-2440
Facsimile:  (719) 635-4576
rdeeny@shermanhoward.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 26th day of October, 2018, I electronically filed the foregoing **DEFENDANT'S COMPETING JURY INSTRUCTIONS AND COMPETING VERDICT FORM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rachel E. Ellis
Kaitlin I. Spittell
John Michael Guevara
Livelihood Law, LLC
3401 Quebec Street, Suite 6009
Denver, CO 80207
ree@livelihoodlaw.com
kis@livelihoodlaw.com
jmg@livelihoodlaw.com

*s/ Lynn Zola Howell*

49116765.1